1 Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
2 8730 Wilshire Boulevard
Suite 350
3 Beverly Hills, California 90211
323.452.5600 – Telephone
4 561.404.4353 – Facsimile
matthew.rollin@sriplaw.com
5 Joel.Rothman@sriplaw.com

6

7 Counsel for Plaintiff
Viral DRM LLC

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM LLC, | CASE NO.: 3:23-cv-05977-JSC |
| Plaintiffs, | **DECLARATION OF MATTHEW L. ROLLIN** |
| v. | |
| THE YOUTUBE UPLOADERS LISTED ON SCHEDULE A, | |
| Defendants. | |

I, Matthew L. Rollin, declare and say:

    1.    I am an attorney for Viral DRM LLC in the above captioned action.

    2.    I submit this Declaration in support of Plaintiff's motion for a subpoena to Google LLC in this action.

    3.    I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

    4.    My firm, in cooperation with plaintiff Viral DRM, investigated the defendants who are operators of YouTube channels that monetize the videos on their channels using Google AdSense.

    5.    More recently, Viral DRM's investigation into the piracy of its copyrighted works led it to identify an additional 64 YouTube channels that copied and pirated a total of 81 original works

of authorship exclusively licensed to Viral DRM. The investigation's results are more fully explained in the declaration of Brandon Clement and Exhibit 1 thereto that accompanies this declaration.

6. Based on my experience in investigating and prosecuting video piracy, it is reasonable to conclude that the newly discovered YouTube channels listed on Exhibit 1 to Brandon Clement's declaration are the same as or working together with and in concert with the defendants identified in Schedule A to the complaint.

7. Mr. Clement provides cogent reasons why these newly discovered infringers are likely the same as, or working together with, the defendants identified in Schedule A. In my experience, when the following characteristics are found among different YouTube channel operators, overlapping control of those channels is often the reason:

    a. **Similar content.** Channels that post similar content indicates that they are all getting their content from the same source.

    b. **Similar metadata.** When the videos on the channels have similar metadata—such as titles, descriptions, and tags—this suggests that the pirates are using the same tools to upload and manage their videos.

    c. **Similar patterns of activity.** When the channels all upload new videos at the same time or on the same schedule, this suggests that they are all working together to distribute their content.

    d. **Similar user accounts**. When the channels are owned by the same user accounts or by accounts that are linked to each other this is because the pirates are working together to manage their channels.

    e. **Similar responses to copyright complaints.** When the channels receive copyright complaints and they all respond in the same way, this suggests that they are working together to avoid getting their channels terminated.

8. In this case we have already seen that all the characteristics above pertained to the different channels identified in Schedule A to the Complaint. The first three characteristics also

2

DECLARATION OF MATTHEW L. ROLLIN                              CASE NO.: 3:23-CV-05977

1 apply to the newly discovered YouTube channels listed on Exhibit 1 to Brandon Clement's
2 declaration.

3     9.    In my experience, infringers working together often use similar methods to commit
4 their crimes. The use of similar methods is explained by a combination of factors:

- a. **Effectiveness**: Some methods are just known to work. Once a technique proves effective at circumventing protection or distributing pirated content, it becomes popular among infringers.
- b. **Sharing of Knowledge**: In the digital age, communities and forums make it easier for people to share knowledge. Once a method is identified and circulated within these communities, it can spread rapidly.
- c. **Technology Limitations**: There are only so many ways to bypass certain security measures or distribute content without being detected. Consequently, pirates often converge on a handful of methods that are both feasible and reliable.
- d. **Ease of Use**: Some piracy methods are user-friendly, requiring little technical knowledge. Tools and software that simplify the piracy process will naturally become popular among a broader base of potential infringers.
- e. **Cost**: Pirates often opt for methods that are cost-effective. High investment costs or potential legal ramifications might deter some from engaging in piracy.
- f. **Avoidance of Detection**: The primary objective of video pirates is to distribute content without being caught. Therefore, methods that have been proven to minimize detection risk will be favored.
- g. **Adaptability**: As the entertainment industry and legal authorities adapt to prevent piracy, pirates must also evolve their methods. However, once a new technique is developed, it can quickly become the standard until it's countered.
- h. **Feedback Loops**: When a particular method is successful, it's more likely to be talked about and shared. This success breeds further success, creating a feedback loop where popular methods become even more widespread.

3

DECLARATION OF MATTHEW L. ROLLIN     CASE NO.: 3:23-CV-05977

10. All of these factors are found and overlap when the videos at issue in the complaint and the videos listed in Exhibit 1 to the declaration of Brandon Clement are examined more closely.

11. Inasmuch as all the channels listed on Exhibit 1 to the declaration of Brandon Clement are monetizing their videos, all the defendants are in control of funds that represent Viral DRM's potential recovery. Based upon my experience and research in litigations involving online piracy, the YouTube uploaders and channel owners listed on Exhibit 1 to Brandon Clement's declaration can and will significantly alter the status quo before the Court can determine the parties' respective rights if they are provided with advance notice. The YouTube channels at issue here are under defendants' complete control and, as such, defendants have the ability to change the ownership or modify the information and content, change payment accounts, change AdSense accounts, redirect traffic to other accounts, and transfer assets and ownership of YouTube channels at a moment's notice.

12. The modifications by defendants can happen in a short span of time after the pirates are provided with notice of this action, and if provided with notice they can easily electronically transfer and secret funds and thereby completely erase the status quo and thwart the Court's ability to grant meaningful relief.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2023

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN